IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:14-cr-127 |
| v. | : |
| | : Judge Algenon L. Marbley |
| THOMAS COATES. | : |
| Defendant. | : |

## OPINION & ORDER

The Government brings a Motion Opposing Severance of Thomas Coates ("Defendant") and in Support of a Consolidated Trial in response to Defendant's decision not to waive his speedy trial rights under the Speedy Trial Act ("STA"), 18 U.S.C. §3161. (Doc. 414).[1]

### I. BACKGROUND

This case involves twenty (20) defendants, all alleged to be members and associates of a criminal organization in the Short North area of Columbus, Ohio, known as the Short North Posse, and thirty-eight (38) counts. Count 1—Racketeering Conspiracy—is the only Count in which Defendant is named; it incorporates a detailed list of 112 overt acts that were allegedly committed during the course of the conspiracy from 2005 to 2014 by a total of fourteen (14) defendants. Mr. Coates is mentioned in eight (8) overt acts.

This matter comes before the Court by way of the Arraignment pursuant to the Superseding Indictment, held on December 2, 2014. During the Arraignment, certain Defendants—Lance Reynolds, Thomas E. Coates, and Jonathan Holt—indicated that they would

---

[1] In light of the substance of the Government's motion, this Court construes it as a motion for a continuance under 18 U.S.C. § 3161(h)(7)(A). As Defendant Coates filed a Motion to Sever, (Doc. 425), in response to the Government's motion, the Government is free to respond in a separate memorandum to Doc. 425, and Doc. 414 will not be treated as a response to Doc. 425.

1

prefer to proceed to trial pursuant to the seventy-day time frame contemplated by the Speedy Trial Act ("STA"), 18 U.S.C.A. §§ 3161, instead of on April 4, 2016, the date agreed upon by counsel for the government and for other defendants. All other defendants waived their rights under the STA and agreed to the April 4, 2016 trial date. The non-waiving Defendants and the Government requested the opportunity to brief the issue of whether the Court should proceed to trial on February 9, 2015 pursuant to the STA. This Court granted said request.

Subsequently, all remaining Defendants waived their rights under the STA except for Defendant Coates. As such, the Government filed their Motion Opposing Severance of Coates and in Support of a Consolidated Trial, which this Court will treat as a motion for a continuance. (Doc. 414). Defendant filed a Response to the Government's Motion, (Doc. 426), as well a Motion to Sever. (Doc. 425).

## II. ANALYSIS

The Government argues that a continuance under the STA is appropriate in this case. The STA "requires that a defendant be brought to trial within 70 days of the date of indictment, the date the indictment was unsealed, or the date of the initial appearance, whichever date occurs last. 18 U.S.C. § 3161(c)(1). Nevertheless, the Act carves out a number of exclusions that can toll the running of the 70–day period. *United States v. Williams*, 753 F.3d 626, 634 (6th Cir. 2014). One of these excludable periods includes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order to grant such a continuance, the judge must set forth in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.* At 18 U.S.C.A. § 3161 (h)(7)(B), the STA provides factors for the judge to consider, among others, in determining whether to grant a continuance under 18 U.S.C. § 3161(h)(7)(A).[2] The Court finds that the factor relevant to the case *sub judice* is "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C.A. § 3161 (h)(7)(B)(ii).

This Circuit has held that "the district court has wide latitude in deciding how to exercise its discretion in applying the ends-of-justice provision of the Speedy Trial Act that governs whether a continuance should be granted." *United States v. Stewart*, 628 F.3d 246, 253 (6th Cir. 2010) (citing *United States v. Strickland,* 342 Fed.Appx. 103, 109–10 (6th Cir.2009) (affirming the district court's granting of a continuance under the abuse-of-discretion standard of review)).

---

[2] The factors under 18 U.S.C.A. § 3161 (h)(7)(B) include: (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

Where multiple defendants are charged in an indictment and no motion for severance has been granted, only one speedy trial clock governs. *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009) (citing *United States v. Blackmon,* 874 F.2d 378, 380 (6th Cir.1989) (citing *Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986)); *see also United States v. Cope,* 312 F.3d 757, 776 (6th Cir.2002)). The Government contends, accordingly, that Coates should not be granted de facto severance simply by refusing to waive his speedy trial rights. The Government argues against *de facto* severance, and contends that Coates is properly joined because he is charged in Count 1 for RICO conspiracy—the only Count under which he is charged—along with thirteen other co-defendants. The vast majority of the evidence of the RICO enterprise is the same for all thirteen defendants. Therefore, consistent with joinder under FRCP 8(b), Coates should be tried with his co-conspirators, with whom he is alleged "to have participated in the same . . . series of acts of transactions constituting the offenses." In his Response to the Government's Motion, the Defendant moves this Court to sever his case and proceed on his own speedy trial clock.

This Court holds that it is not necessary to consider the matter of whether Coates' case should be severed from the other co-defendants' at this stage in the proceedings. Instead, the Court finds that the ends of justice served by granting a continuance of the trial under 18 U.S.C. §3161 (h)(7)(A) until April 4, 2016 outweigh the best interests of the public and the defendant in a speedy trial. More specifically, the Court finds this case falls within 18 U.S.C.A. § 3161 (h)(7)(B)(ii), because the case is so complex, due to the number of defendants and the nature of the prosecution, that it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."

4

As the Government notes, this Court has already declared this a "complex case," and the trial is predicted to deal with voluminous discovery and last three to four months. In fact, Coates adopted co-Defendant Freddie K. Johnson's Motion to Declare Case Complex or Extended for billing purposes ("Motion"), (Doc. 238), at (Doc. 261), and, thus, Coates concedes the complexity of this case. In *United States v. Otero*, 557 F. App'x 146, 150 (3d Cir. 2014), the Third Circuit found that a district court that allowed a continuance between the federal indictment and beginning the trial, largely due to the parties' agreement that the trial be designated as a "complex case," properly excluded that time under 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii), and (B)(iv). Although Defendant Coates opposes a continuance, he is in agreement with the Government that this case is complex. As such, this Court is in concurrence with *Otero*, and finds this case warrants an ends-of-justice continuance of the trial until April 4, 2016 under 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii).

Further, this Court finds persuasive and adopts the reasoning of *United States v. Bran*, No. 3:12CR131, 2012 WL 4507903, at *2 (E.D. Va. Sept. 28, 2012). In *Bran*, the Court found that the case warranted an ends-of-justice continuance under 18 U.S.C. §§ 3161(h)(7)(B)(ii), against the protests of one of the three co-defendant, because all three defendants played different roles in a comprehensive racketeering enterprise, discovery and witness interviews were extensive, and proceeding under the seventy day timeline would prejudice the other co-defendants. Thus, the *Bran* Court granted a motion to extend time for trial, pursuant to 18 U.S.C. §§ 3161(h)(7)(A). Similar to *Bran*, this Court finds Coates is implicated in a complex case with voluminous discovery, and that since the charge against him is one of a complex RICO conspiracy involving thirteen other co-defendants, those co-defendants would be prejudiced if the Court did not allow a continuance. As the Government contends, to establish the RICO

5

conspiracy against Coates requires proof of the underlying conspiracy, potentially forcing the thirteen other co-defendants to testify, thus prejudicing them and raising security concerns for them and other witnesses well in advance of April 4, 2016.

In addition this Court agrees with the Government's argument that Coates' interests in earlier release will not be severely burdened by delaying trial until April 2016 because he is currently serving a state prison sentence through September 2015.

In response to the Government's motion in opposition to severance, the Defense, understandably, argues in favor of severance. While the Defense's arguments have some merit as they relate to severance, the Court will not consider a motion for severance at this time. Instead, the Court will consider motions for severance in this case on a timeline to be determined after March 19, 2015, at which time the Department of Justice will have determined which defendants in this case will be facing death penalty sentences. The Defense, however, has not raised any arguments stating why the ends of justice served by granting such a continuance does not outweigh the best interest of the public and the defendant in a speedy trial.

### III. CONCLUSION

The Court hereby **GRANTS** a continuance of the February 9, 2015 trial date, pursuant to 18 U.S.C.A. § 3161 (h)(7)(A), (B)(ii), until the rescheduled trial date, **April 4, 2016**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: January 16, 2015**

6